UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
FRANK DEMARTINO and 150 CENTERVILLE LLC,[1]

                    Plaintiffs,

         -against-

**MEMORANDUM AND ORDER**

09-CV-368 (SLT) (LB)

HONORABLE CHARLES J. THOMAS,
Individually and in his official capacity;
HONORABLE LAURENCE V. CULLEN, J.S.C.,
Individually and in his official capacity;
HONORABLE ROGER N. ROSENGARTEN,
Individually and in his official capacity,

                    Defendants.
---------------------------------------------------------------------X

**TOWNES, United States District Judge:**

    Plaintiff Frank DeMartino, appearing *pro se,* brings this fee-paid action pursuant to 42 U.S.C. § 1983 ("§ 1983"), alleging that New York Supreme Court Justices Charles J. Thomas, Laurence V. Cullen and Roger N. Rosengarten (collectively, "Defendants") violated his Constitutional rights by, *inter alia*, declaring plaintiff's father incapacitated; appointing an attorney to be guardian of plaintiff's father's property, against the wishes of both plaintiff and his father; and granting relief to that guardian without affording plaintiff notice or an opportunity to be heard. Defendants, however, enjoy absolute immunity with respect to all acts taken in their judicial capacities. Accordingly, this action is "frivolous" and is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

---

    [1] It is well-settled that "[a] limited liability company may ... appear in federal court only through a licensed attorney." *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007); *Bell v. South Bay European Corp.*, 486 F. Supp. 2d 257, 260 (S.D.N.Y. 2007) ("[A] lay person may not represent an entity."). Because 150 Centerville LLC is not represented by counsel, the Court addresses this complaint solely as it relates to plaintiff Frank DeMartino. Furthermore, since this Court concludes, for reasons set forth below, that this action is "frivolous," this Court need not afford plaintiff Frank DeMartino an opportunity to obtain counsel on behalf of 150 Centerville LLC.

## BACKGROUND

The following allegations are drawn from plaintiff's complaint, the truth of which is assumed for purposes of this Memorandum and Order. Plaintiff is one of five children of Joseph (or Guiseppe) DeMartino ("Mr. DeMartino"), an elderly Italian immigrant. Complaint at ¶ 10. Although Mr. DeMartino emigrated from Italy to the United States in the early 1950's and operated a construction company in this country for over 35 years, he never learned to read or write English very well. *Id.* at ¶¶ 10-11. Instead, Mr. DeMartino delegated tasks requiring English literacy to others – particularly, his wife, Concetta, who helped him with administrative tasks relating to his business. *Id.* at ¶ 13.

When his wife passed away in January 2005, Mr. DeMartino turned to plaintiff for assistance. *Id.* at ¶ 14. In November 2005, Mr. DeMartino executed a durable power of attorney in favor of plaintiff, granting his son the power to act on his behalf. *Id.* at ¶ 17. That arrangement, however, was apparently unacceptable to plaintiff's two sisters, who, in June 2006, commenced a State action pursuant to Article 81 of New York's Mental Hygiene Law, seeking to have Mr. DeMartino declared incapacitated and to have a guardian appointed to manage his property. *Id.* at ¶ 19. Plaintiff cross-moved to dismiss his sisters' petition. *Id.*

The Article 81 action was assigned to defendant Charles J. Thomas, a Justice of the Supreme Court of the State of New York, Queens County. On August 1, 2006, Justice Thomas appointed a temporary guardian for Mr. DeMartino's property, then adjourned the proceedings to permit investigation of the petitioners' allegations. *Id.* at ¶ 21. On March 8, 2007, another Queens County Supreme Court Justice, defendant Lawrence V. Cullen, who was substituting for Justice Thomas that day, ruled from the bench that Mr. DeMartino was incapacitated. *Id.* at ¶ 23. That ruling was subsequently memorialized in a 10-page "Counter Order and Judgment" dated

May 7, 2007, which appointed one of plaintiff's sisters, Adriana, to be her father's personal needs guardian, and appointed a Manhattan attorney, Robert Kruger, to be the guardian for the management of Mr. DeMartino's property. *Id.*, Ex. D. According to plaintiff, neither the oral nor written ruling explained "why an outside guardian was needed in light of the power of attorney." *Id.* at ¶ 25.

Asserting that he "possesse[d] standing ... to appeal through the written durable power of attorney granted by his father," plaintiff appealed the "Counter Order and Judgment" to the Appellate Division of the Supreme Court of the State of New York, Second Department. *Id.* at ¶¶ 33, 39. Mr. Kruger responded to that appeal, although plaintiff's sisters – the petitioners in the Article 81 action – did not. *Id.* at ¶¶ 34-35. In a Decision and Order dated October 2, 2008, the Appellate Division affirmed the May 7, 2007, order, holding, *inter alia*, that "the power of attorney held by [plaintiff] was not a sufficient and reliable available resource for the management of [Mr. DeMartino's] property ... and [that plaintiff] was unsuitable to serve in the capacity of guardian." *In re Joseph D.*, 55 A.D.3d 907, 907-08, 886 N.Y.S.2d 725, 725 (App. Div. 2d Dep't 2008) (internal citations omitted).

Since being appointed guardian, Mr. Kruger has either taken or failed to take actions with respect to the property of Mr. DeMartino that have displeased plaintiff.[2] In response to Mr. Kruger's requests, Justice Thomas signed orders conveying Mr. DeMartino's real estate and directing the removal of certain valuable construction equipment which sat on the property. *Id.* at ¶¶ 40-41. In addition, another Queens County Supreme Court Justice, defendant Roger

---

[2]Although Mr. Kruger is not a defendant in this action, plaintiff currently has two other actions pending before Judge Weinstein of this Court, in which he challenges Mr. Kruger's acts or omissions. *See DeMartino v. Kruger*, 09-CV-119 (JBW)(LB), *DeMartino v. Kruger*, 09-CV-305 (JBW)(LB).

Rosengarten, approved a settlement negotiated by Mr. Kruger in a case brought by the Centennial Insurance Company against Mr. DeMartino, allegedly in disregard of a stay entered by Justice Thomas. *Id.* at ¶ 65.

On January 28, 2009, plaintiff commenced this § 1983 action against Justices Cullen, Thomas and Rosengarten, alleging that they have violated his due process rights under the Fifth and Fourteenth Amendments. Seeking to vindicate his father's rights, plaintiff asserts that Justice Cullen "[i]n essence ... handed down a life sentence of incapacity without due process." *Id.* at ¶ 68. In addition, plaintiff alleges that the actions taken by Justices Thomas and Rosengarten at the request of Mr. Kruger were unconstitutional because plaintiff was not given notice or an opportunity to be heard. *Id.* at ¶¶ 40-41, 65.

## DISCUSSION

This Court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee. *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000); *see also Mallard v. United States District Court*, 490 U.S. 296, 307-08 (1989). Indeed, 28 U.S.C. § 1915(e)(2) expressly requires that "[n]otwithstanding any filing fee ... that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action ... is frivolous ...." An action is frivolous as a matter of law when, *inter alia*, it is based on an "indisputably meritless legal theory"– that is, when it "lacks an arguable basis in law ..., or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). Thus, "[a] complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999)(quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989));

4

*see also Rosquist v. St. Marks Realty Assoc., LLC*, No. 08-CV-2764 (NGG), 2008 WL 2965435, at *3 (E.D.N.Y. Aug. 1, 2008) (when it is clear that the defendants are immune from suit a dispositive defense appears on the face of the complaint and the action can be dismissed as frivolous).

Judges are absolutely immune from lawsuits alleging that they performed their judicial functions improperly or inadequately. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam); *Montero*, 171 F.3d at 760. Judicial immunity is "immunity from suit, not just from ultimate assessment of damages," *Mireles*, 502 U.S. at 11 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)), and "applies even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). A judge clearly cannot "be deprived of immunity because the action he took was in error ... or was in excess of his authority." *Mireles*, 502 U.S. at 13 (quotation omitted). "[I]f the relevant action is judicial in nature, the judge is immune so long as [the action] was not taken in the complete absence of jurisdiction." *Huminski v. Corsones*, 396 F.3d 53, 75 (2d Cir. 2004)(citing *Mireles*, 502 U.S. at 11-12).

"Judicial immunity has been created both by statute and by judicial decision." *Id.*, 396 F.3d at 74. The United States Supreme Court has long recognized that "[i]mposing ... a burden [of exposure to liability] on judges would contribute not to principled and fearless decisionmaking but to intimidation." *Pierson*, 386 U.S. at 554. In addition, 42 U.S.C. § 1983 expressly provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." To be sure, this judicially created immunity advantages judges themselves, but it also benefits the public interest in having a judiciary "at liberty to exercise their functions with independence and without fear of

consequences." *Huminski*, 396 F.3d at 75 (quoting *Pierson*, 386 U.S. at 554).

In this case, all of the allegedly unconstitutional actions were undertaken by the Defendants while they were acting in their judicial capacities. There is no question that Defendants were acting within their jurisdiction, and plaintiff's pleading does not suggest otherwise. Rather, plaintiff's complaint alleges that the judges committed procedural errors and other errors of law. Since a judge cannot "be deprived of immunity because the action he took was in error," all three defendants are immune from this lawsuit. *Mireles*, 502 U.S. at 11. Accordingly, this action must be dismissed as frivolous as a matter of law. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *see also Montero*, 171 F.3d at 760.

## CONCLUSION

For the reasons stated above, this complaint is dismissed in its entirety because all of the named defendants are immune from suit. Although plaintiff has paid the filing fee to initiate this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/s/ Sandra L. Townes
SANDRA L. TOWNES
United States District Judge

Dated: February 9, 2009
Brooklyn, New York